TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
ROGER A. HSIEH (Cal. Bar No. 294195)
Assistant United States Attorney
Chief, Major Frauds Section
CHRIS S. BULUT (Cal. Bar No. 352016)
Assistant United States Attorney
General Crimes Section
        1100/1200 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-0600/6738
        Facsimile: (213) 894-0141
        E-mail:    roger.hsieh@usdoj.gov
                   chris.bulut@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-00686(A)-FMO |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* No. 1 TO PRECLUDE EVIDENCE AND ARGUMENT AIMED AT JURY NULLIFICATION BY CHALLENGING UNITED STATES IMMIGRATION LAW OR POLICY |
| v. | |
| JONATHAN CARAVELLO, | |
| Defendant. | Trial Date:  March 24, 2026 Trial Time:  8:30 a.m. Location:    Courtroom of the Hon. Fernando M. Olguin |

     Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Roger A. Hsieh and Chris S. Bulut, hereby submits this motion in limine to preclude defendant Jonathan Caravello from presenting argument aimed

at jury nullification by questioning immigration policy and challenging or critiquing current United States immigration policy.

The government has met-and-conferred with defense counsel and understands that counsel is considering whether to not oppose this motion in limine.  This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: February 27, 2026              Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
Acting United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division


                              /s/
ROGER A. HSIEH
CHRIS S. BULUT
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**GOVERNMENT'S MOTION IN LIMINE: MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

On July 10, 2025, Homeland Security Investigations ("HSI") executed a search warrant at a large marijuana farm in Camarillo, California.  Scores of protestors obstructed law enforcement from leaving the premises by blocking a two-lane highway and the shoulders of the road with their bodies and cars.  Law enforcement vehicles eventually needed to exit the premises to go to various locations, including a hospital.  To clear a path for vehicles to exit the premises, a Border Patrol Agent deployed tear gas by rolling it underhand.  Defendant JONATHAN CARAVELLO ran up to a canister that had been rolled underhand, picked up the canister, and threw it overhand at federal law enforcement.  Defendant was charged with assaulting a federal officer using a deadly or dangerous weapon, in violation of 18 U.S.C. §§ 111(a)(1), (b).

Through this motion, the government moves to exclude evidence and argument criticizing United States immigration policy, debating the legitimacy of immigration enforcement, and framing defendant's conduct as political expression against federal immigration operations at trial through cross-examination, witness questioning, opening statement, or closing argument.  Any such evidence or argument would serve no legitimate evidentiary purpose and would invite the jury to decide the case based on emotion, sympathy, or disagreement with federal immigration law rather than on the facts and the law.  Through the meet-and-confer process, the government understands that the defense may ultimately not oppose this motion <u>in limine</u>.

Under Federal Rules of Evidence 401, 402, and 403, and consistent with the Ninth Circuit's prohibition on arguments designed to encourage jury nullification, the Court should preclude any reference, question, or argument concerning immigration policy or enforcement as a matter of political opinion or moral critique.

**II.  ARGUMENT**

### A.  Trial Courts Have a Duty to Prevent Jury Nullification

Trial courts "have the duty to forestall or prevent" jury nullification, including by prohibiting "impermissible" defense questioning or argument.  United States v. Lynch, 903 F.3d 1061, 1079–80 (9th Cir. 2018).  Because arguments about immigration law or policy are irrelevant to the charged assault and risk inviting nullification, exclusion is warranted.

Evidence is relevant only if it has a "tendency to make a fact more or less probable" and that fact is "of consequence in determining the action."  Fed. R. Evid. 401.  The government must prove only that defendant: (1) forcibly assaulted a federal officer; (2) did so while the officer was engaged in or on account of his official duties; and (3) that defendant used a deadly or dangerous weapon.  Ninth Circuit Model Criminal Jury Instruction No. 8.2 (2022 ed.).  Nothing about the merits, fairness, or morality of U.S. immigration laws bears on those elements.

### B.  Immigration Policy Critiques Are Irrelevant and Risk Confusing and Prejudicing the Jury

Even if minimally relevant, the probative value of such commentary would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and undue delay.  Fed. R. Evid.

2

403.  Arguments or questions about border policy, deportations, or humanitarian concerns would shift the jury's focus from whether defendant assaulted a federal officer to the political merits of immigration enforcement--an issue entirely collateral to guilt or innocence.

Courts have repeatedly held that neither a defendant nor counsel may present evidence irrelevant to a legal defense or an element of the charged offense.  United States v. Scarmazzo, 554 F.Supp.2d 1102, 1107 (E.D. Cal. 2008), aff'd sub nom. United States v. Montes, 421 F.App'x 670 (9th Cir. 2011).  Courts have rejected the idea that juries should be informed of their nullification power, United States v. Navarro-Vargas, 408 F.3d 1184, 1198 (9th Cir. 2005), and courts may properly instruct jurors to disregard such appeals.  United States v. Blixt, 548 F.3d 882, 890 (9th Cir. 2008).

In analogous contexts, courts in this Circuit have excluded argument and evidence designed to provoke nullification.  See, e.g., United States v. Castro-Cabrera, 534 F.Supp.2d 1156, 1162 (C.D. Cal. 2008) (excluding immigration-policy argument as "irrelevant to the elements" of the charge offense); United States v. Miranda-Oregel, 2014 WL 994380, at *3 (E.D. Cal. Mar. 12, 2014), report and recommendation adopted, 2015 WL 871949 (E.D. Cal. Feb. 27, 2015).  Those decisions recognize that defendants may not transform criminal trials into forums for social or political protest.

Allowing debate over immigration policy here would only encourage jurors to substitute personal views about border enforcement for the neutral application of the law, contrary to the Court's duty to ensure verdicts rest "on the law and the evidence,

3

not on jury nullification as urged by either litigant." Zal v. Steppe, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring) (citing Chandler v. Florida, 449 U.S. 560, 574 (1981)).

**C.    Limiting Such Arguments Will Focus the Jury on the Facts and Law**

Defendant remains free to argue that the government's evidence fails to prove the elements of §§ 111(a)(1), (b).  But he should not be permitted to divert the jury with political commentary or moral objections to immigration enforcement.  Excluding such material ensures jurors decide the case on the evidence and the Court's instructions--not on sympathy, ideology, or policy preferences.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court grant its motion in limine and exclude any evidence, testimony, or argument that criticizes, questions, or otherwise seeks to challenge United States immigration law or policy or that is intended to invite jury nullification rather than address the legal elements of the charged offense.