Knut S. Johnson (SBN 125725)
John M. Paul (SBN 360334)
**SINGLETON SCHREIBER, LLP**
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Tel. (619) 771-3473
Fax (619) 255-1515
kjohnson@singletonschreiber.com
jpaul@singletonschreiber.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff,<br><br>　　　　　v.<br><br>JONATHAN CARAVELLO,<br>　　　Defendant. | Case No. 2:25-CR-00686(A)-FMO<br><br>**RESPONSE TO GOVERNMENT'S MOTION IN LIMINE NO. 1 TO PRELUDE EVIDENCE AND ARGUMENT AIMED AT JURY NULIFICATION** |

Defendant Jonathan Caravello, by and through his counsel of record, Knut S. Johnson and John M. Paul, hereby respond to the Government's Motion in Limin 1.

## I.    POSSIBLE SELF DEFENSE INSTRUCTION

Defendant agrees that jury nullification is not a proper argument. At the same time, immigration policy, enforcement, and the conduct of immigration-related operations are central factual contexts in this case and will be impossible not to discuss.

The incident arises from a July 10, 2025, operation in which Homeland Security Investigations executed a search warrant at a Camarillo marijuana farm. During that event, Mr. Caravello protested immigration policy, enforcement, and the conduct of immigration-related operations. And when agents threw a tear gas ganister towards

1

him, he is alleged to have thrown it over their heads. For that, the government has indicted him under 18 U.S.C. §§ 111(a)(1), (b).

The Government's motion frames the case against a backdrop of immigration enforcement and seeks to exclude critiques of immigration policy as irrelevant and potentially inviting nullification. But while Defendant will not present political or moral critiques of immigration law or enforcement to invite nullification, he reserves the right to elicit and present evidence of the facts, circumstances, and conduct of law enforcement operations—including immigration-related agencies' roles, objectives, tactics, and on-scene decision-making—if that evidence is otherwise admissible to: (a) establish or contest elements, mental state, identity, or use of force; (b) impeach credibility or address bias, perception, or opportunity; (c) provide necessary context for the jury's understanding of the events; (d) respond to evidence or argument opened by the Government; and (e) otherwise explain the context of this case.

**II.     CONCLUSION**

This Court should deny the government's in limine motion.

Dated:     March 6, 2026                    Respectfully submitted,


                                            /s/Knut S. Johnson
                                            Knut S. Johnson
                                            John Paul
                                            Attorneys for Defendant

2