Knut S. Johnson (SBN 125725)
John M. Paul (SBN 360334)
**SINGLETON SCHREIBER, LLP**
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Tel. (619) 771-3473
Fax (619) 255-1515
kjohnson@singletonschreiber.com
jpaul@singletonschreiber.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>            v.<br><br>JONATHAN CARAVELLO,<br>    Defendant. | Case No. 2:25-CR-00686(A)-FMO<br><br>**DISCLOSURE OF POSSIBLE REQUEST FOR SELF-DEFENSE INSTRUCTION** |

Defendant Jonathan Caravello, by and through his counsel of record, Knut S. Johnson and John M. Paul, hereby make this disclosure about self-defense.

## I.    POSSIBLE SELF DEFENSE INSTRUCTION

Based on notes of interviews of agents received in discovery today, Mr. Caravello may ask this Court for an instruction on self-defense. Model Ninth Circuit Jury Instruction No. 8.3 sets forth the elements of self-defense in connection with assault on a federal officer as follows: (1) the defendant did not know the victim was a federal officer or employee;(2) the defendant reasonably believed that use of force was necessary to defend oneself against an immediate use of unlawful force; and (3) the defendant used no more force than appeared reasonably necessary in the circumstances. Ninth Circuit Model Criminal Jury Instructions, No. 8.3 (2022 ed.).

That said, the Ninth Circuit expressly allows for modification of this instruction depending on the facts of the case. The instruction commentary states:

1

> In *United States v. Span,* 970 F.2d 573 (9th Cir. 1992), the Ninth Circuit upheld this instruction. The court cautioned, however, that "the model instruction would be inappropriate in a case where the defendant's theory of the case is self-defense against the use of *excessive* force by a federal law enforcement officer." *Id.* at 577

*Id.*, Commentary. *Span* explained that giving Model Instruction No. 8.3 where there is a claim of excessive force, as is the case here, would be inappropriate because the language "allows the government to defeat an excessive force theory of defense merely by proof beyond a reasonable doubt that the defendant knew that the person that [he] allegedly assaulted was a federal law enforcement officer." *Span,* 970 F.2d at 567. *Span* commented that the jury should not be prevented from acquitting someone where it believes excessive force was used simply because the government could establish the defendant knew the aggressor was a law enforcement officer. *Id.*

Pursuant to *Span,* the defense will request Model Jury Instruction No. 5.10 – Self-Defense, (as possibly modified to reflect the facts of this case):

5.10 Self-Defense

> The defendant has offered evidence of having acted in self-defense. Use of force is justified when a person reasonably believes that it is necessary for the defense of oneself or another against the immediate use of unlawful force. However, a person must use no more force than appears reasonably necessary under the circumstances. The government must prove beyond a reasonable doubt, with all of you agreeing, that the defendant did not act in reasonable self-defense.

This instruction, appropriately tailored to the facts of this, will be supported by video evidence that officers threw tear gas canisters at Mr. Caravello and others and by expert opinion that the agents conduct, including their use of tear gas, constituted "a pervasive pattern of misuse of force . . . including failure to give warnings, using unnecessary force in the absence of danger to law enforcement, and misuse of crowd control weapons." *See U.S. v. Ornelas,* 906 F.3d 1138, 1147-48 (9th Cir. 2018) (citing *Span, supra,* 970 F.2d 573.) A defendant is entitled to a self-

defense instruction where "there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent or of doubtful credibility." *U.S. v. Sanchez-Lima,* 161 F.3d 545, 549 (9th Cir. 1998).

The defense would also be prepared to give an in-camera proffer, if requested by the Court.

Dated:      March 6, 2026                    Respectfully submitted,


                                             /s/Knut S. Johnson_____
                                             Knut S. Johnson
                                             John M. Paul
                                             Attorneys for Defendant