TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
ROGER A. HSIEH (Cal. Bar No. 294195)
Assistant United States Attorney
Chief, Major Frauds Section
CHRIS S. BULUT (Cal. Bar. No. 352016)
Assistant United States Attorney
General Crimes Section
     1100/1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0600/6738
     Facsimile: (213) 894-0141
     Email:    roger.hsieh@usdoj.gov
              chris.bulut@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-00686(A)-FMO |
|---|---|
| Plaintiff, | GOVERNMENT'S PROPOSED VOIR DIRE |
| v. | |
| JONATHAN CARAVELLO, | Trial Date: March 24, 2026<br>Trial Time: 8:30 a.m.<br>Location: Courtroom of the Hon. Fernando M. Olguin |
| Defendant. | |

     Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Roger A. Hsieh and Chris S. Bulut, hereby requests the Court ask the attached proposed voir dire questions during jury selection.

The government respectfully requests leave to supplement its proposed voir dire questions, if necessary.

Dated: March 6, 2026                    Respectfully submitted,

                                        TODD BLANCHE
                                        Deputy Attorney General

                                        BILAL A. ESSAYLI
                                        First Assistant United States
                                        Attorney

                                        ALEXANDER B. SCHWAB
                                        Assistant United States Attorney
                                        Acting Chief, Criminal Division


                                        */s/*
                                        ROGER A. HSIEH
                                        CHRIS S. BULUT
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

**I.    CHARGED OFFENSE**

1.    The defendant is charged with assaulting a federal officer with a deadly or dangerous weapon, namely, by throwing a tear gas canister at border patrol agents during a protest.  Is there anything about the charge in this case that makes you reluctant to serve as a juror or would prevent you from being fair and impartial?

2.    Is there anyone who thinks that throwing a tear gas canister at federal law enforcement during a protest cannot constitute an assault?

3.    Is there anyone who believes that assault on a federal officer should not be a crime?

4.    Is there anyone who believes that assault on a federal officer during a protest should not be a crime?

5.    Is there anyone who believes that a tear gas canister cannot be considered a deadly or dangerous weapon?

**II.    EXPERIENCE WITH IMMIGRATION PROCEEDINGS AND PROTESTS**

6.    You will hear testimony regarding events that have occurred at recent protests focused on immigration enforcement in Southern California.  Has anyone here read or seen any media coverage – be it traditional media or social media – about these protests?

a.    If so, what have you seen?

b.    How did seeing that make you feel?

c.    Would you be able to render a fair and impartial verdict in favor of either the government or the defendant based on what you have seen or read?

d.    Would you be able to evaluate the evidence and judge a witness's credibility – including law enforcement agents on duty at the protests – to render a fair and impartial verdict?

3

7. Do you have any opinion, whether positive or negative, about law enforcement's response to immigration policy in the United States and/or in Southern California?

a. Would that opinion impact your ability to judge the credibility of government or defense witnesses, evaluate the evidence, follow the Court's instructions, and/or render a fair and impartial verdict?

8. Have you, a relative, or a friend ever been involved in immigration or deportation proceedings?

9. Do you support any organization whose mission is related to immigration?

10. Has anyone been involved in an organization or participated in a protest – be it an active or passive participant – designed to protest how immigration enforcement has been handled by the federal and/or local governments?

a. If so, please describe what protests you have participated in and your role in the protests.

b. Was law enforcement present during the protest/s? If so, how did that make you feel?

c. Did you witness any encounters – be it peaceful, violent, or in-between, between protestors and law enforcement? If so, how did that make you feel?

i. Do you have any thoughts about how law enforcement acted during encounters with protestors that would impact your ability to listen to witnesses – including law enforcement witnesses – and evaluate the evidence in this case?

ii. Do you have any thoughts about how law enforcement acted during encounters with protestors that would impact

your ability to render a fair and impartial verdict or follow the Court's instructions?

**III. EXPERIENCE WITH LAW ENFORCEMENT/GOVERNMENT**

11.  You will hear testimony from witnesses who are employed by Homeland Security Investigations and the United States Border Patrol, which are part of the federal government.  Do you have strong feelings about these agencies, Immigration and Customs Enforcement or ICE, or the federal government that would prevent you from being a fair and impartial juror in this case?

12.  Do you have any strong feelings about the United States Customs and Border Protection (sometimes referred to as Border Patrol), the Department of Homeland Security Investigations, or the federal government that would prevent you from fairly assessing the credibility of these witnesses?

13.  Have you, or any of your close friends or relatives, had any recent or notable experiences, positive or negative, involving the police or any other member of law enforcement, including the United States Customs and Border Protection, the Department of Homeland Security Investigations, or the federal government?

a.    If so, please describe the circumstances.

b.    Which law enforcement agency was involved?

c.    How did it make you feel?

d.    Do you believe that law enforcement acted professionally and fairly?

e.    Would you be able to put those feelings and experiences aside, be they positive or negative, and render a verdict based on the evidence before you?

5

14.  Have you, a relative, or close friend ever been convicted of a crime?[1]

15.  Have you, a relative, or close friend ever been sentenced to or served time in jail or prison?

a.  If so, what were the circumstances?

16.  Have you, a relative, or close friend ever been arrested, even if the case never went to court?

a.  If so, what were the circumstances?

b.  How did the process make you feel?

c.  Would you be able to put those feelings aside, be they positive or negative, and render a verdict based on the evidence before you?

17.  Have you, a relative, or close friend ever filed a lawsuit or complaint concerning the conduct of a law enforcement officer?

18.  Have you, a relative, or close friend, ever been a victim of a crime?

a.  If so, were you satisfied or dissatisfied with law enforcement's response and the judicial system?

b.   Why or why not?

19.  Some of the witnesses in this case may be law enforcement officers.  Would any of you be more or less likely to believe the testimony of a law enforcement officer just because that witness was a law enforcement officer?

---

[1] If any potential juror answers a question related to prior criminal activity or being the victim or knowing the victim of a crime in the affirmative, the government respectfully requests – unless the juror consents to public questioning – that the Court question the potential juror regarding the circumstances in private or at the bench, so as to avoid embarrassment to the potential juror.

20.  Do you have any feelings about the level of force a law enforcement officer may or should use while on duty?

a.  If a law enforcement officer used force to accomplish their duties, would that impact your ability to judge their credibility, evaluate the evidence, or render a fair and impartial verdict in an assault on a law enforcement officer trial?

21.  Do you have any feelings regarding the criminal justice system generally that might affect your ability to consider the evidence in this case fairly and impartially and to base your verdict only on the evidence presented in this case?

22.  Do you know of any reasons why you would be biased or prejudiced for or against the government or the defense in this case?

**IV.   ABILITY TO SIT AS JUROR**

23.  Is there anything about the charge in this case that makes you unwilling or reluctant to serve as a juror?

24.  Is there anything that has not been discussed today that you feel would affect your ability to sit as a fair and impartial juror in this case?

25.  Do any of you have any difficulty with hearing, seeing, understanding the English language or have any medical problems or other issues that could impair your ability to devote your full attention to this trial?

26.  Do you have any feelings or beliefs toward the law or the criminal justice system in general that would make it difficult or impossible for you to be fair and impartial to both sides in the case?

27.  If you are selected as a juror in this case, you will be required to deliberate with eleven other jurors.  Is there anything

that leads you to believe that you might be unable or unwilling to engage in such discussions with others?

28.  Would you refuse to follow the Court's instructions if you disagreed with those instructions or thought that other rules would be fairer?