TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
ROGER A. HSIEH (Cal. Bar No. 294195)
Assistant United States Attorney
Chief, Major Frauds Section
CHRIS S. BULUT (Cal. Bar No. 352016)
Assistant United States Attorney
General Crimes Section
     1100/1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0600/6738
     Facsimile: (213) 894-0141
     Email:    roger.hsieh@usdoj.gov
              chris.bulut@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>          v.<br><br>JONATHAN CARAVELLO,<br><br>       Defendant. | No. 2:25-cr-00686(A)-FMO<br><br>GOVERNMENT TRIAL MEMORANDUM<br><br>Trial Date:  March 24, 2026<br>Trial Time:  8:30 a.m.<br>Location:    Courtroom of the Hon.<br>                 Fernando M. Olguin |

     Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Roger

//

//

//

A. Hsieh and Chris S. Bulut, hereby files its Trial Memorandum.

Dated: March 6, 2026                    Respectfully submitted,

                                        TODD BLANCHE
                                        Deputy Attorney General

                                        BILAL A. ESSAYLI
                                        First Assistant United States
                                        Attorney

                                        ALEXANDER B. SCHWAB
                                        Assistant United States Attorney
                                        Acting Chief, Criminal Division


                                            /s/
                                        ROGER A. HSIEH
                                        CHRIS S. BULUT
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.   INTRODUCTION, FACTUAL SUMMARY, AND STIPULATIONS**

Defendant Jonathan Caravello ("defendant") will soon stand trial for assault on a federal officer using a deadly or dangerous weapon, in violation of 18 U.S.C. §§ 111(a)(1), (b).

On July 10, 2025, Homeland Security Investigations ("HSI") executed a search warrant at a large marijuana farm in Camarillo, California.  Scores of protestors obstructed law enforcement from leaving the premises by blocking a two-lane highway and the shoulders of the road with their bodies and cars.  Law enforcement vehicles eventually needed to exit the premises to go to various locations, including a hospital.  To clear a path for vehicles to exit the premises, an agent deployed tear gas by rolling it underhand. Defendant ran up to a canister that had been rolled underhand, picked up the canister, and threw it overhand at federal law enforcement wearing uniforms clearly identifying themselves as such.  Defendant changed his clothes and shoes and was arrested several hours later. After his arrest, defendant denied throwing anything to law enforcement.  The assault was captured on body-camera video.

Trial is set to commence on March 24, 2026, at 8:30 a.m. before this Court.  The parties stipulated to excluding certain disclosures made by the government from being introduced at trial in defendant's case-in-chief or on cross examination, subject to a potential exception.  (Dkt. 41.)  The parties have also stipulated to the admission of certain governments exhibits listed in the pretrial exhibit stipulation.  (Dkt. 44.)  The parties will continue to meet-and-confer in an attempt to stipulate to additional exhibits.  The government understands that the defense is not challenging identity

in this case and is working to reach a stipulation with the defense regarding identity, which may help streamline the presentation of evidence.

**II.   Length of Trial and Number of Witnesses**

Government Case: The government currently estimates that presentation of its case-in-chief will take approximately four hours, not including defense's cross-examination.  The government currently anticipates calling the following four witnesses in its case-in-chief[1]:

- HSI Special Agent J.M.
- Border Patrol Agent S.H.
- Border Patrol Agent R.C.
- Border Patrol Agent A.C.

Government Exhibits: The government currently anticipates that it will seek to admit approximately 15-20 exhibits, which primarily include videos of the assault and preceding events, still photos from the videos, maps of the search warrant location, and audio clips of defendant's interview with law enforcement after the assault.

**III. THE ELEMENTS OF THE CRIME**

Defendant is charged in a single-count first superseding indictment with assault on a federal officer using a deadly or dangerous weapon, in violation of 18 U.S.C. §§ 111(a)(1),(b).

**A.   Elements of the Offense**

The elements of the charged offense, 18 U.S.C. §§ 111(a)(1),(b) are as follows:

---

[1] The government reserves the right to modify its current witness list by calling additional witnesses in either its case-in-chief or rebuttal case (if any) or removing witnesses.

First, the defendant forcibly assaulted a federal officer;

Second, defendant did so while the federal officer was engaged in or on account of his official duties; and

Third, defendant used a deadly or dangerous weapon.  Ninth Cir. Model Jury Instructions 8.2 (2022 ed.).

**B.    "Forcible Assault" Defined**

There is a forcible assault when one person (a) intentionally strikes another; (b) willfully attempts to inflict injury on another; or (c) intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.  Ninth Cir. Model Jury Instructions 8.2 (2022 ed.).

**C.    "Deadly or Dangerous Weapon" Defined**

A weapon is a deadly or dangerous weapon if it is used in a way that is capable of causing death or serious bodily injury.  Ninth Cir. Model Jury Instructions 8.2 (2022 ed.).

The manner in which an object is used can show whether it is capable of causing death or serious bodily injury.  See, e.g., United States v. Gholston, 932 F.2d 904, 904-05 (11th Cir. 1991) (noting that pool sticks, broken bottles, and chairs can be dangerous weapons in the right circumstances); United States v. Loman, 551 F.2d 164, 169 (7th Cir. 1977) (walking stick used to hit postal carrier once on the back and once on the jaw considered dangerous weapon); United States v. Barber, 297 F.Supp. 917, 922-23 (D. Del. 1969) (denying motion to dismiss count which charged defendant with assaulting a federal officer with a dangerous weapon, a shoe).

3

Here, the government anticipates the evidence at trial will establish that the tear gas canister thrown by defendant was a deadly or dangerous weapon.

## IV.   PRETRIAL MOTIONS

There is a single pending pretrial motion filed by the government: Motion in Limine to Preclude Jury Nullification Evidence or Argument. (Dkt. 45.)  As noted on page two of the motion, "[t]he government has met-and-conferred with defense counsel and understands that counsel is considering whether to not oppose this motion."  An opposition was filed on March 6, 2026.

## V.   LEGAL AND EVIDENTIARY ISSUES

### A.   Photographs and Videos

The government intends to introduce photographs and video footage at trial.  Admitting a photograph or video into evidence requires that the proponent meet only a very low hurdle.  "Under the Federal Rules, the witness identifying the item in a photograph need only establish that the photograph is an accurate portrayal of the item in question."  People of Territory of Guam v. Ojeda, 758 F.2d 403, 408 (9th Cir. 1985) (interpreting Fed. R. Evid. 901(b)(1)).  The Ninth Circuit has held that "[p]hotographs are admissible as substantive as well as illustrative evidence."  United States v. May, 622 F.2d 1000, 1007 (9th Cir. 1980).

Photographs and videos should be admitted so long as they fairly and accurately represent the event or object in question.  See United States v. Oaxaca, 569 F.2d 518, 525 (9th Cir. 1978).  Notably, "the witness who lays the authentication foundation need not be the photographer, nor need the witness know anything of the time, conditions, or mechanisms of the taking of the picture."  2 McCormick

4

on Evid. § 215 (9th ed.).  Rule 901(a) simply requires that a proponent of evidence make a prima facie showing of authenticity so that a reasonable juror could find "that the item is what the proponent claims it is."  Fed. R. Evid. 901(a).

### B.    Lay Testimony

"Federal Rule of Evidence 701 permits a lay witness to give opinion testimony as long as the opinion is (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue."  United States v. Pino-Noriega, 189 F.3d 1089, 1097 (9th Cir. 1999) (internal quotation marks omitted).  The government anticipates eliciting testimony from its witnesses that defendant's throwing of the tear gas canister toward law enforcement was done to willfully inflict injury on federal law enforcement based on defendant's observable traits, including his demeanor, body movements, and the nature of the throw itself.

### C.    Defendant's Statements

Under the Federal Rules of Evidence, a defendant's statement is admissible only if offered against him; a defendant may not elicit his own prior statements.  See Fed. R. Evid. 801(d)(2)(A); United States v. Fernandez, 839 F.2d 639, 640 (9th Cir. 1988) (per curiam).  To permit otherwise would place a defendant's statements "before the jury without subjecting [himself] to cross-examination, precisely what the hearsay rule forbids."  United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000) (holding that the district court properly barred defendant from seeking to introduce his exculpatory post-arrest statements through cross-examination of government agent); see also United States v. Cunningham, 194 F.3d 1186, 1199 (11th Cir.

1999) ("[A] defendant cannot attempt to introduce an exculpatory statement made at the time of his arrest without subjecting himself to cross examination.").

When the government admits some of a defendant's prior statements, the door is not thereby opened to the defendant to put in all of his out-of-court statements.  This is because, when offered by defendant, the statements are still inadmissible hearsay. See Fed. R. Evid. 801(d)(2); see also United States v. Burreson, 643 F.2d 1344, 1349 (9th Cir. 1981); United States v. Willis, 759 F.2d 1486, 1501 (11th Cir. 1985) (defendant's exculpatory statement inadmissible when offered by defense).

Similarly, a defendant's exculpatory statements are not admissible under Federal Rule of Evidence 106, the "rule of completeness."  Evidence that is inadmissible is not made admissible by invocation of the "rule of completeness."  See United States v. Collicott, 92 F.3d 973, 983 (9th Cir. 1996) (hearsay not admissible notwithstanding Rule 106).  As the Ninth Circuit noted in Ortega, a defendant's non-self-inculpatory statements are inadmissible hearsay even if they were made contemporaneously with other self-inculpatory statements.  203 F.3d at 682 (citing Williamson v. United States, 512 U.S. 594, 599 (1994)).  The "rule of completeness" may require that all of a defendant's prior statements be admitted only where it is necessary to explain an admitted statement, to place it in context, or to avoid misleading the trier of fact.  See, e.g., United States v. Marin, 669 F.2d 73, 84 (2d Cir. 1982).  The doctrine does not, however, require introduction of portions of a statement that are neither explanatory of, nor relevant to, the admitted passages.  See Ortega, 203 F.3d at 682-83; see also Marin, 669 F.2d at 84.  The

6

burden is on the defendant to identify a basis for admitting additional portions of the defendant's prior statement.  See United States v. Branch, 91 F.3d 699, 729 (5th Cir. 1996).

The government will be admitting statements made by defendant. A defendant's out-of-court statement is admissible if offered against him by the government.  Fed. R. Evid. 801(d)(2)(A).

**D.    Scope of Cross-Examination of Defendant**

If the defendant testifies at trial, he waives his right against self-incrimination, and the government will cross-examine him on all matters reasonably related to the subject matter of his testimony. See, e.g., United States v. Black, 767 F.2d 1334, 1341 ("What the defendant actually discusses on direct does not determine the extent of permissible cross-examination or his waiver. Rather, the inquiry is whether the government's questions are reasonably related to the subjects covered by the defendant's testimony.") (internal quotations and citation omitted).

The scope of cross-examination is within the discretion of the trial court.  Fed. R. Evid. 611(b).  The defendant has no right to avoid cross-examination on matters that call into question his claim of innocence.  United States v. Miranda-Uriarte, 649 F.2d 1345, 1353-54 (9th Cir. 1981).  The government, however, may introduce evidence should defendant "open the door."  See United States v. Alexander, 48 F.3d 1477, 1488 (9th Cir. 1995), as amended on denial of reh'g (Apr. 11, 1995) ("When a defendant takes the stand and denies having committed the charged offense, he places his credibility directly at issue.").

**E.    Affirmative Defenses and Reciprocal Discovery**

Defendant has not given notice of his intent to rely on any defense of entrapment, mental incapacity, alibi, or any other affirmative defense, with the exception of possible self-defense. Therefore, to the extent defendant may attempt to rely on such a defense, the government reserves the right to object and to move to preclude the defendant from asserting such a defense.

Rule 16 of the Federal Rules of Criminal Procedure creates certain reciprocal discovery obligations on the part of defendants to produce three categories of materials that they intend to introduce as evidence at trial: (1) documents and tangible objects; (2) reports of any examinations or tests; and (3) expert witness disclosure. Rule 16 imposes on defendants a continuing duty to disclose these categories of materials. Fed. R. Crim. P. 16(b)(1)(A), (b)(1)(C), and (c). In those circumstances where a party fails to produce discovery as required by Rule 16, the rule empowers the district court to "prohibit that party from introducing the undisclosed evidence," or it may "enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2)(C) and (D). To the extent defendant may attempt to introduce or use any evidence at trial that he has not produced to the government, such documents should be excluded. See Taylor v. Illinois, 484 U.S. 400, 415 (1988) (defendant's failure to comply with, or object to, government's discovery request before trial justified exclusion of unproduced evidence).

8

**F.    Defendant's Burden Regarding Potential Self-Defense Claim**

If defendant seeks to raise an affirmative defense of self-defense at trial, he has not met the threshold for doing so.[2]

For defendant to argue self-defense in this case, he is required to first make an offer of proof that: (1) he reasonably believed that the use of force was necessary to defend himself against the immediate use of unlawful force; and (2) he used no more force than reasonably necessary in the circumstances. See United States v. Acosta-Sierra, 690 F.3d 1111, 1126 (9th Cir. 2012); see also United States v. Urena, 659 F.3d 903, 906-07 (9th Cir. 2011).[3] "To be entitled to a self-defense jury instruction, a defendant must make a prima-facie case of self defense." Urena, 659 F.3d at 906-07; see also United States v. Biggs, 441 F.3d 1069, 1071 (9th Cir. 2006) (discussing requirement defendant proffer elements of self-defense before trial).

---

[2] On March 6, 2026, defense filed a notice of disclosure of a possible request for a self-defense instruction. On the same day, defense counsel emailed the government the CV of the expert witness it may call, declarations of the expert witness that was used in past trials, and an email containing a one-sentence disclosure regarding all opinions that defendant will elicit from the expert witness. At this time, if the defense attempts to call this potential defense expert, the government intends to object.

[3] Model Instruction 8.3 lays out a second potential self-defense theory to assault on a federal officer, which is when a defendant does not know the victim is a federal officer. Ninth Circuit Model Criminal Jury Instructions, No. 8.3 (2022 ed.). The government does not understand defendant to be pursuing this theory of self-defense. Nor could he. The Border Patrol agents wore their agency issued tactical uniform, helmets, and exterior vest bearing patches that noted they were federal law enforcement agents. Ignorance of official status is not tenable on this record.

Model Instruction 5.10 provides another self-defense instruction which appears similar with United States v. Acosta-Sierra, 690 F.3d 1111 (9th Cir. 2012) and also describes the government's burden to prove beyond a reasonable doubt that defendant did not act in reasonable self-defense if the instruction is provided to the jury.

While the prima facie burden is not high, the defendant must still offer "evidence upon which the jury could rationally sustain the defense." United States v. Houston, 648 F.3d 806, 816 (9th Cir. 2011). An individual may make out an affirmative defense of self-defense against a federal law enforcement official who uses excessive force only in a "narrow range of circumstances." Acosta-Sierra, 690 F.3d at 1126. The Ninth Circuit has long held that "an individual who is the attacker cannot make out a claim of self-defense as a justification for an assault." Id. Further, self-defense is categorically unavailable to an aggressor who initiates force against officers performing their duties. See id. at 1126; see also United States v. McNeal, 765 F. App'x 193, 194 (9th Cir. 2019) (defendant "foreclosed from presenting a theory of self-defense because he preemptively attacked").

The government anticipates the evidence is this case will not support a self-defense instruction. In this case, agents were engaged in lawful attempts to clear a safe pathway between the protestors and the vehicles exiting search warrant location. The agent deployed a tear gas canister by rolling it underhand, and defendant affirmatively ran towards the tear gas canister, picked it up, and threw the canister overhand at or towards agents.