TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
ROGER A. HSIEH (Cal. Bar No. 294195)
Assistant United States Attorney
Chief, Major Frauds Section
CHRIS S. BULUT (Cal. Bar No. 352016)
Assistant United States Attorney
General Crimes Section
        1100/1200 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-0600/6738
        Facsimile: (213) 894-0141
        E-mail:    roger.hsieh@usdoj.gov
                   chris.bulut@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-00686(A)-FMO |
|---|---|
| Plaintiff, | GOVERNMENT'S REPLY In SUPPORT OF MOTION *IN LIMINE* No. 1 TO PRECLUDE EVIDENCE AND ARGUMENT AIMED AT JURY NULLIFICATION BY CHALLENGING UNITED STATES IMMIGRATION LAW OR POLICY |
| v. | |
| JONATHAN CARAVELLO, | |
| Defendant. | Trial Date:    March 24, 2026<br>Trial Time:    8:30 a.m.<br>Location:    Courtroom of the Hon. Fernando M. Olguin |

     Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Roger A. Hsieh and Chris S. Bulut, hereby submits this reply in support of the government's motion in limine to preclude defendant Jonathan Caravello from presenting argument aimed at jury nullification by

questioning immigration policy and challenging or critiquing current United States immigration policy.

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 9, 2026                    Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
Acting United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division


                                        /s/
                                        ROGER A. HSIEH
                                        CHRIS S. BULUT
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

2

**GOVERNMENT'S REPLY: MEMORANDUM OF POINTS AND AUTHORITIES**

It appears that the government's motion in limine to preclude evidence and argument aimed at jury nullification by challenging United States immigration law or policy is not in dispute. Defendant's opposition states that "[d]efendant agrees that jury nullification is not a proper argument."  (Dkt. 48, Opposition at 1.) Defendant also agrees in his opposition that he "will not present political or moral critiques of immigration law or enforcement to invite nullification."  (Id. at 2.)

The government's motion in limine moves to specifically preclude the defense from criticizing United States immigration policy, debating the legitimacy of immigration enforcement, or framing defendant's conduct as political expression against federal immigration operations.  Although defendant filed an opposition to the government's motion in limine, it does not appear he opposes the substance of the government's motion.  The government's motion did not move to exclude all evidence of law enforcement's actions for permissible purposes under the Federal Rules of Evidence.[1]

For the reasons stated in its motion and above, and because defendant does not appear to oppose the substance of the government's motion, the government respectfully requests that the Court grant its motion in limine. (Dkt. 45.)

---

[1] Courts often exclude irrelevant motive evidence --- including where the motive of criminal conduct is specifically driven by defendant's feelings against United States immigration policy. See, e.g., United States v. Lopez, No. 2:25-cr-00705-MEMF, Dkt. No. 71 at 8 (C.D. Cal. Oct. 27, 2025) (granting government's motion in limine to exclude any evidence, testimony, or argument by defendant that criticized United States immigration laws or policies, including any attempt to reference or discuss immigration policy as contextual justification for defendant's conduct).