TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
ROGER A. HSIEH (Cal. Bar No. 294195)
Assistant United States Attorney
Chief, Major Frauds Section
CHRIS S. BULUT (Cal. Bar No. 352016)
Assistant United States Attorney
General Crimes Section
    1100/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0600/6738
    Facsimile: (213) 894-0141
    Email:    roger.hsieh@usdoj.gov
            chris.bulut@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>           v.<br><br>JONATHAN CARAVELLO,<br><br>       Defendant. | No. 2:25-cr-00686(A)-CV<br><br>GOVERNMENT'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE DEFENDANT'S PROPOSED EXPERT GIL KERLIKOWSKE<br><br>Trial Date:  March 24, 2026<br>Trial Time:  8:30 a.m.<br>Location:   Courtroom of the Hon. Cynthia Valenzuela |

    Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Roger A. Hsieh and Chris S. Bulut, hereby files its motion in limine to exclude the expert testimony of defendant's proposed expert, Gil Kerlikowske.

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 13, 2026          Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division


          /s/
ROGER A. HSIEH
CHRIS S. BULUT
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

ii

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

On March 6, 2026, the defense provided a brief email disclosure regarding a proposed expert on use of force, Gil Kerlikowske.  After receiving defendant's expert disclosure last week, the government requested additional information from the defense and then met and conferred via telephone.  Through this motion in limine, the government moves to exclude defendant's proposed expert on four grounds: (1) the disclosure is deficient under Federal Rule of Criminal Procedure 16; (2) the proposed testimony is irrelevant under Federal Rules of Evidence 401 and 402; (3) such testimony would likely to confuse and mislead the jury under Federal Rule of Evidence 403; and (4) the disclosure was untimely.

**II.   STATEMENT OF FACTS**

On July 10, 2025, Homeland Security Investigations executed a search warrant at a large marijuana farm in Camarillo, California. Scores of protestors obstructed law enforcement from leaving the premises by blocking a two-lane highway and the shoulders of the road with their bodies and cars.  Law enforcement vehicles eventually needed to exit the premises to go to various locations, including a hospital.  To attempt to clear a path for vehicles to exit the premises, an agent deployed tear gas by rolling it underhand. Defendant JONATHAN CARAVELLO ran up to a canister that had been rolled underhand, picked up the canister, and threw it overhand at federal law enforcement.  Defendant was charged with assaulting a federal officer using a deadly or dangerous weapon, in violation of 18 U.S.C. §§ 111(a)(1), (b).  In September 2025, the trial was continued to the current trial date, March 24, 2026.

On February 23, 2026, the parties met and conferred via telephone, where defense counsel first indicated that defendant might call a use of force expert at the upcoming March 24, 2026, trial, depending on how the evidence was presented at trial.  (Declaration of Chris S. Bulut "Bulut Decl." ¶ 2.)

On March 6, 2026, defense counsel emailed the government in the afternoon the CV of the expert witness it may call, Gil Kerlikowske, declarations of Mr. Kerlikowske that were used in past trials, and a brief disclosure, including a one-sentence description regarding all opinions that defendant will elicit from the expert witness:

> That the tear gas canister thrown by Mr. Caravello was first thrown toward him in violation of government use of force and crowd control policy (including failure to give warnings) and was an unnecessary use of force in the absence of danger to law enforcement and misuse of crowd control weapons.

(Id. ¶ 3; Ex. A.)

On March 10, 2026, the government inquired with defense counsel regarding the proposed expert, asking via email:

- What specific "government use of force and crowd control policy" applicable to this case was purportedly violated;

- What was the purported "misuse of crowd control weapons" and which particular weapon(s) is the witness referring to;

- What specific training, experience, and expertise of Mr. Kerlikowske led to the opinion provided; and

- To provide a list of all discovery from this case provided to Mr. Kerlikowske, including specific portions of the videos reviewed.

(Id. ¶ 4.)

On March 10, 2026, the parties met and conferred via telephone, where defense counsel indicated that he is planning to call Mr. Kerlikowske as a witness in their case-in-chief, subject to change. (Id. ¶ 5.)  On this call, the government requested additional information about the anticipated testimony of Mr. Kerlikowske. (Id.)  Defense counsel then emailed a summary of Mr. Kerlikowske's views about the Department of Homeland Security's use of force policies, as well as policies he reviewed.  (Id. ¶ 6.)

Thereafter, on March 11, 2026, defense counsel emailed Mr. Kerlikowske's declarations from past cases, noting that his qualifications were outlined in one of the declarations.  (Id. ¶ 7.)

As of the date of this motion in limine, the government has not received a formal disclosure, including responses to the questions noted in the government's email, outside of a CV and pointing to previous cases Mr. Kerlikowske has been involved with as an expert. (Id. ¶ 8.)

**III. LEGAL STANDARD**

The trial court's gatekeeping duty applies to not only testimony based on scientific knowledge, but also to testimony based on technical and other "specialized knowledge." United States v. Alatorre, 222. F.3d 1098, 1101-02 (9th Cir. 2000).  Federal Rule of Evidence 702 places the burden on the party seeking to introduce expert testimony to demonstrate by a preponderance of the evidence that the proposed testimony: (1) "will help the trier of fact to understand the evidence or to determine a fact in issue"; (2) "is based on sufficient facts or data"; (3) "is the product of reliable principles and methods"; and (4) "the expert's opinion reflects a

3

reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702; <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579, 589-90 (1993).

Further, under Federal Rule of Criminal Procedure 16(a)(1)(G), the disclosure for the expert witness must contain:

- A complete statement of all opinions that the defendant will elicit from the witness in its case- in-chief;
- The bases and reasons for them;
- The witness's qualifications, including a list of all publications authored in the previous 10 years; and
- A list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

Rule 16 also provides a requirement that the expert witness generally must sign the disclosure.

In addition, Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Rule 402, evidence that is not relevant is inadmissible. A district court has "wide discretion" to exclude irrelevant evidence. <u>United States v. Alvarez</u>, 358 F.3d 1194, 1205 (9th Cir. 2004) (internal quotation marks omitted).

To be clear, defendant has a constitutional right to present a defense, but he is not constitutionally entitled to present irrelevant evidence. See <u>United States v. Munoz</u>, 233 F.3d 1117, 1134 (9th Cir. 2000), <u>superseded by statute on other grounds</u>. Further,

4

"trial judges retain wide latitude . . . to impose reasonable limits on [testimony] based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986) (emphasis added).

Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

**IV.   ARGUMENT**

**A.    Defendant's Disclosure Was Deficient Under Federal Rule of Criminal Procedure 16(a)(1)(G)**

Courts regularly limit or exclude expert testimony where Rule 16 notice requirements are not satisfied. See United States v. W.R. Grace, 526 F.3d 499, 516 (9th Cir. 2008).

As outlined, to date, the government has not received a formal, signed expert report or notice from Mr. Kerlikowske that outlines all the opinions that defendant will elicit from him in trial. The government has only received generalized emails from defense counsel about what Mr. Kerlikowske might testify about, including a one-sentence disclosure regarding all opinions that defendant will elicit from the expert witness, in addition to declarations and information about past cases Mr. Kerlikowske has testified in.

In United States v. Burgos-Lopez, the Court found that an initial expert notice did not comply with Rule 16's disclosure requirements because neither the opinions, nor the bases and reasons

5

for them, were provided.  2026 WL 74487, at *2 (D. Ariz. Jan. 9, 2026).  This was despite the notice stating what the expert might testify about.  Id.  The Court granted the motion to exclude expert testimony.  Id. at *6.

Similarly, here, the government only has a vague summary of what Mr. Kerlikowske might testify about.  The disclosure does not: (a) describe what specific "government use of force and crowd control policy" applicable to this case was purportedly violated; (b) what the purported "misuse of crowd control weapons" was; and (c) what specific policies the agents in this case violated.

The deficient disclosure lacks critical information that goes to the heart of the proposed testimony and is insufficient under Rule 16.  The opinions, bases, and reasons for the testimony simply point to other declarations that this witness has provided in civil cases and lack the specificity required under Rule 16.

Accordingly, the government moves to exclude the testimony of Mr. Kerlikowske.

> **B.    Defendant Fails to Meet His Burden Under Rule 702 and the Proposed Testimony Is Likely to Confuse and Mislead the Jury**

According to defense counsel's email, Mr. Kerlikowske plans to testify that the tear gas canister thrown by defendant was first thrown toward him in violation of an unspecified government use of force and crowd control policy and was an unnecessary use of force in the absence of danger to law enforcement.  (Bulut Decl. Ex. A.)  Even assuming defendant could cure the significant deficiencies in the disclosure, including specificity, Mr. Kerlikowske's proffered

opinion will not help the jury "to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702.

First, whether the tear gas deployed that day was thrown in violation of the policy of the Department of Homeland Security or U.S. Border Patrol is irrelevant to proving or disproving any of the elements of 18 U.S.C. §§ 111(a)(1), (b).

Moreover, the misuse of crowd control weapons in purported violation of unspecified Department of Homeland Security or U.S. Border Patrol policies is similarly irrelevant to proving or disproving any of the elements of 18 U.S.C. §§ 111(a)(1), (b).

Moreover, to the extent that defendant might need to rely on Mr. Kerlikowske's testimony to establish self-defense, such testimony is also irrelevant.  For defendant to argue self-defense in this case, he is required to first make an offer of proof that: (1) he reasonably believed that the use of force was necessary to defend himself against the immediate use of <u>unlawful</u> force; and (2) he used no more force than reasonably necessary in the circumstances.  <u>See</u> <u>United States v. Acosta-Sierra</u>, 690 F.3d 1111, 1126 (9th Cir. 2012); <u>see</u> <u>also</u> <u>United States v. Urena</u>, 659 F.3d 903, 906-07 (9th Cir. 2011).

In this case, agents were engaged in lawful attempts to clear a safe pathway between the protestors and the vehicles exiting the search warrant location.  An agent deployed a tear gas canister by rolling it underhand, and defendant affirmatively ran toward the tear gas canister, picked it up, and threw the canister overhand at or toward agents.

7

A use of force that purportedly violates the policy of the Department of Homeland Security or U.S. Border Patrol does not make such a use of force unlawful. Accordingly, any testimony from Mr. Kerlikowske on the issue of whether a particular use of force violated policy or whether a misuse of crowd control weapons occurred in violation of policy is irrelevant to the issues in this case.

In addition, even if relevant, such testimony from Mr. Kerlikowske is substantially outweighed by a danger of confusing and misleading the jury. Such testimony risks conflating the issue of whether an assault took place in violation of 18 U.S.C. §§ 111(a)(1), (b) with whether agents used force in line with official policies.

Accordingly, the Court should exclude the testimony of Mr. Kerlikowske because defendant has failed to meet his burden under Federal Rule of Evidence 702, and it is irrelevant and unduly prejudicial under Rules 401, 402, and 403.

**C.    Defendant's Disclosure Was Late**

According to the Court's Case Management Order, which was issued on September 8, 2025, the defendant's expert disclosure deadline was no later than ten days before the discovery cutoff. (Dkt. 25 at 11.) The discovery cutoff was February 27, 2026. (Dkt. 27 at 2.) Accordingly, the expert disclosure deadline for defendant was February 17, 2026.

The government first learned on February 23, 2026 that defendant might call a use of force expert, depending on how the evidence was presented at trial. (Bulut Decl ¶ 2.) On March 6, 2026, defense counsel emailed the government the CV of Gil Kerlikowske and a one-

sentence disclosure regarding all opinions that defendant will elicit from the expert witness.  (Id. ¶ 3.)

Accordingly, any disclosure made by defendant has been well passed the February 17, 2026, deadline.

The Court should thus exclude the testimony of Mr. Kerlikowske as a result.

**V.    CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court exclude the testimony of Gil Kerlikowske.

9