Knut S. Johnson (SBN 125725)
John M. Paul (SBN 3603340)
**SINGLETON SCHREIBER, LLP**
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Tel. (619) 771-3473
Fax (619) 255-1515
kjohnson@singletonschreiber.com

Attorneys for Defendant Jonathan
Caravello

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>    v.<br><br>JONATHAN CARAVELLO,<br>    Defendant. | Case No. 2:25-CR-00686(A)-CV<br><br>**EX PARTE APPLICATION FOR AN ORDER REMOVING LOCATION MONITORING** |

Defendant Jonathan Caravello, by and through his counsel of record, Knut S. Johnson and John M. Paul, hereby asks this Court for an order removing location monitoring:

1.    Mr. Caravello asks this Court to Order that the conditions of release should be modified to eliminate "Location Monitoring technology . . ." (Ex. A, Page 3.)  The government takes no position to this modification.

2.    The parties agree that all the other conditions of release should remain the same.

3.    On August 25, 2025, Mr. Caravello was arraigned on information. Docket entry 24.  On September 3, 2025, the government filed a Superseding Indictment, charging Mr. Caravello with one count of 18 U.S.C. § 111(a)(1), (b) (Assaulting, Resisting, or Impeding a Federal Officer Using a Dangerous Weapon).   Trial has been set for April 6, 2026. (Docket entry 60.)

1

4.      At the arraignment, neither the government nor Pretrial Services asked the court to impose electronic monitoring. But it was imposed by the Magistrate Judge over the objection of the defense.

5.      Mr. Caravello represents he has complied with all the conditions of release since he was released. He continues to teach and to reside in the same residence, has violated no laws, has had no violations of release, and has remained an integral part of his community.

6.      Pretrial Services objects to this modification because it was court ordered – although they did not ask the court to impose it – but has identified no violations of Mr. Caravello's pretrial release.

7.      On March 11, 2026, the Honorable Fernando M. Olguin modified Mr. Caravello's conditions of release based on a stipulation of the parties. That order states as follows: "The Location Monitoring Technology conditions imposed by Judge Audero on July 14, 2025 **(Document No. 11 at 3)** are **modified** to include "Location Monitoring **without** an ankle monitor," specifically, "Virtual/Biometric (smartphone required to participate).'

8.      Over the first three nights while using the Virtual/Biometric monitoring, Mr. Caravello was contacted by the monitoring application at the following times:

• Night of 3/12: 8:00 pm, 10:00 pm, 2:17 am, 4:57 am

• Night of 3/13: 9:09 pm, 10:58 pm, 1:41 am, 4:02 am

• Night of 3/14: 9:02 pm (did not register); re-checked in at 9:18 pm and again at 9:20 pm, 10:19 pm, 2:13 am, 4:18 am

•      Night of 3/15/2026: 11:33pm, 1:31am, 4:10am

•      Night of 3/16/2026: 9:46pm, 10:36pm, 1:12am, (back to sleep at 2:30am), 4:00am (missed), 4:15am.

- Night of 3/17/2026: 9:34pm, 10:40pm, 1:05am, (back to sleep at 2am) 5:17am (missed), 5:32am (last chance; made this one) woke up at 6:30am

- Night of 3/18/2026: 8:15pm, 10:17pm, 1:28am, 6:36am

- Night of 3/19/2026: 8:29pm, 10:21pm, 2:56am, 4:35am

- Night of 3/20/2026: 8:56pm, 11:16pm (didn't register, had to recheck in), 1:59am (missed), 2:14am (last chance; made this one), 6:41am

- Night of 3/21/2026: 8:46pm, 10:04pm, 2:31am, (missed), 2:46am (last chance; made this one), 4:17am

- Night of 3/22/2026: 8:56pm, 11:16pm (didn't register, had to recheck in), 1:59am (missed), **2:14am** (last chance; made this one), **6:41am**

9.      Mr. Caravello has responded to every single check-in — including re-checking twice when the system failed on 3/14 — and is fully committed to his compliance. Thus, he is being woken multiple times each night during core sleep hours.

10.      We are in active pretrial preparation, and Mr. Caravello must be able to assist in his own defense. The repeated nighttime awakenings leave him exhausted and cognitively impaired during the daytime hours when we need him most. Peer-reviewed research published in Nature and Science of Sleep (Medic et al., 2017) confirms that fragmented sleep with multiple awakenings — even when total sleep time is maintained — is associated with impaired memory, reduced ability to concentrate, slowed information processing, and deficits in the performance of complex tasks. See, Exhibit B. The research adds that these effects are related more strongly to sleep continuity disruption than to overall sleep loss. Mr. Caravello is experiencing exactly this pattern of harm.

///

3

11.     The purpose of a curfew condition is to ensure Mr. Caravello is home at night — a condition he is satisfying. Waking him when he is sleeping goes beyond that purpose and is interfering with his constitutional right to prepare for trial. e.g., *United States v. Cronic*, 466 U.S. 648 (1984).

12.     The defense believes that any electronic monitoring is unneeded and was imposed with no individualized assessment or state reason for that condition. But the defense has tried to work this issue out without litigation, but the lesser electronic monitoring now imposed has begun to interfere with his health and preparation for trial.

13.     The Supreme Court in *Stack v. Boyle*, 342 U.S. 1 (1951), held that bail is excessive when set higher than what is reasonably necessary to achieve the purpose of bail. In this case, the condition of electronic monitoring is not reasonably necessary to achieve the purpose of bail.

14.     The Supreme Court later clarified in *United States* v. *Salerno*, 481 U.S. 739 (1987), that the Eighth Amendment does not guarantee a right to bail, i.e., that an individual may be held without bail under certain circumstances. Nonetheless, for those entitled to release on bail, the Supreme Court in *Strickland* noted that under *Stack*,

> The only arguable substantive limitation of the Bail Clause is that the . . . conditions of release or detention not be 'excessive in light of the perceived evil. Of course, to determine whether the [condition] is excessive, we must compare that response against the interest the Government seeks to protect by means of that [condition]. Thus, when the Government has admitted that its only interest is in preventing flight, bail must be set by a court at a sum designed to ensure that goal, and no more. [*Salerno*, at 754.]

15.     Counsel notes these cases to highlight the reason for conditions of release: to ensure the safety of the community and the presence of the defendant at trial. In this case, Mr. Caravello has complied with all the conditions of release, is eager to have his trial, and no party —

4

including Pretrial Services – asked for electronic monitoring. And the Magistrate made no finding about why it is necessary. Thus, he asks to be removed from all location monitoring from now through trial to allow him to prepare for trial effectively.

16.    The surety in this case, his identical twin brother, has signed a declaration stating that he agrees with the requested modification.

Dated:    March 24, 2026                    Respectfully submitted,


                                            /s/Knut S. Johnson
                                            Knut S. Johnson
                                            John M. Paul
                                            Attorneys for Defendant

5