Knut S. Johnson (SBN 125725)
John M. Paul (SBN 360334)
**SINGLETON SCHREIBER, LLP**
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Tel. (619) 771-3473
Fax (619) 255-1515
*kjohnson@singletonschreiber.com*
*jpaul@singletonschreiber.com*
Attorneys for Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff,<br><br>　　　　　v.<br><br>JONATHAN CARAVELLO,<br>　　　Defendant. | Case No. 2:25-CR-00686(A)-FMO<br><br>**OPPOSITION TO INSTRUCTION ON LESSER INCLUDED OFFENSE OF MISDEMEANOR BATTERY**<br><br>**Trial Date:　　April 7, 20206**<br>**Trial Time:　　8:30 a.m.**<br>**Pretrial Date:　March 31, 2026**<br>**Pretrial Time: 10:00 a.m.**<br>**Judge:　　　Hon. Cynthia Valenzuela** |

## I.　　Introduction

The government charged Mr. Caravello with assault on a federal officer using a deadly or dangerous weapon, in violation of 18 U.S.C. § 111(a)(1), (b). In short, their theory is that Mr. Caravello threw a tear gas container at an agent, intending to hurt that agent. Now the government asks this Court to also instruct the jury on the lesser included offense of simple battery. This Court should not do so because the facts and theories of the parties preclude a misdemeanor conviction.

The first part of Mr. Caravello's defense is that he did not intend to throw anything at any agent (or anyone). Instead, he threw a tear gas canister away and over the heads of agents to and as far from anyone as he could. The canister hit no one and landed over a hundred feet away, behind the agents.

1

Common law assault is a general intent crime but the government must prove "evil-purpose" and "intent to assault." See *United States v Acosta-Sierra,* 690 F.3d 1111, 1123 (9th Cir. 2012) ("To sustain a conviction for a violation of Section 111, however, we 'require[] intent to assault.'" (citing *United States v. Juvenile Female*, 566 F.3d 737, 947 (9th. Cir. 2000)) *Id*. See also, *United States v. Kartman*, 47 F.2d 893, 895 (9th Cir. 1969) (mens rea, "the evil purpose or mental culpability which was the essential mental component of common-law assault and battery," is an essential element of forcible assault under § 111.). Mr. Caravello never had an intent to assault.

For instance, here is a still from the bodycam of the officer the government claims Mr. Caravello assaulted showing Mr. Caravello throwing the canister away from the officer (whose left hand is in the frame and the tear gas canister is circled in red):



And here is Mr. Caravello continuing to throw the canister about a second later (the tear gas canister is circled in red):

/ / /

/ / /

/ / /

/ / /

2



And here is the agent slamming Mr. Caravello to the ground less than a second later *after* Mr. Caravello threw the canister:



Mr. Caravello threw the canister before the agent was on top of him and hit him. There is no evidence that Mr. Caravello threw a gas canister at the agent and he is not guilty.

Another part of Mr. Caravello's theory of the case is that the agents used excessive force when the threw tear gas canisters at Mr. Caravello and the people around him without warning, when it was unneeded, without any efforts at deescalation, and in violation of their use of force policy. And before they threw tear gas, they said:

- Fuck yeah", "good job". . . . "that's a perfect fucking triple chaser, [tear gas canister] fuck you"

- "dude the triple is fucking awesome." [agents laughing] . . ."I don't care, I don't fucking care. Doing our jobs."

- "that worked amazing," and agent laughs.

The defense believes that using the government provided discovery they can establish through government witnesses that, among other things, the government use of force policy requires the following: intermediate force (including tear gas) may be used only when no reasonably effective, safe, and feasible alternative appears to exist, and only to the extent objectively reasonable in light of the totality of the circumstances, judged from the perspective of a reasonable officer on scene. Under that policy, officers must, when feasible and when delay will not create a greater threat, use communication and other tactics to stabilize or reduce intensity before resorting to physical force, including chemical agents. Tear gas is treated as a chemical agent and an "Intermediate Force Weapon," falling below deadly force on the use-of-force continuum. It is categorized as a "Soft Technique" involving the "use of chemical agents." In this case, the agents did none of that. Instead, they thew tear gas into a crowd that was walking away when there was no reason to do so.

And because the government bears the burden of proving beyond a reasonable doubt that Mr. Caravello was not lawfully defending himself or others when he threw a tear gas canister over the heads of law enforcement – never striking anyone with the canister – he is entitled to a self-defense instruction. See Ninth Circuit Pattern Instructions 5.10, 8.1, 8.2.

/ / /

/ / /

4

## II. The binary nature of the facts, the defense theory, and the government's theory foreclose a rational middle ground that would allow a lesser included offense instruction.

The question is not whether simple assault is a lesser included offense — it can be — but whether the evidence permits a rational jury to convict on the lesser after acquitting of the greater. *United States* v. *Rivera-Alonzo*, 584 F.3d 829, 834 (9th Cir. 2009). The court should refuse the instruction where "the jury could not have convicted a defendant of the lesser-included offense without finding the element(s) that would convert the lesser offense to the greater." *Id.* (citing *United States v. Torres-Flores*, 476 F. 3d 791, 888 (9th Cir. 2007).)

Here, the evidence presents only two rational verdicts: felony assault or full acquittal. There is no evidentiary basis for a middle ground.

The defense theory is that Mr. Caravello did not throw the canister *at* the agent — he threw it *away* from himself and others because agents had deployed it in violation of their own use of force policy. That theory, if believed, is complete exculpation. Mr. Caravello assaulted no one at all; instead, he responded defensively to unlawful government force. A jury crediting that narrative must acquit entirely.

If the jury *rejects* that narrative — if it finds beyond a reasonable doubt that Mr. Caravello intentionally threw a tear gas canister at federal agents engaged in their duties — it necessarily finds he used a dangerous instrument as a weapon directed toward those agents. At that point the weapon element is established, and the felony is made out.

This is precisely the logic *Rivera-Alonzo* applied to the self-defense theory: "if the jury found self-defense, Rivera would have been acquitted of all charges, and the jury could not have convicted him of simple assault." 584 F.3d at 835. The same logic governs here. The defense theory does not carve out a middle path to the misdemeanor — it eliminates all culpability.

/ / /

5

### III.    An assault is not separable from the weapons offense.

The government may want to argue that a defendant can commit simple assault — causing reasonable apprehension — without *using* the canister *as* a weapon. But this argument fails on these specific facts.

Unlike a case involving fists, proximity, or threatening words, the only act alleged is throwing a tear gas canister. No residual conduct could constitute an assault independent of that throw. The canister *is* the assault. And any apprehension the agents might have experienced arose entirely from the act of a person throwing an incendiary/chemical device at them.

Consider *United States v. Givden,* 468 Fed. Appx. 774 (9th Cir. 2012), where the defendant was charged with two counts of the same crime Mr. Caravello is charged with, assaulting a federal officer with a dangerous and deadly weapon in violation of 18 U.S.C. § 111(a)(1), (b). There the appellant drove her vehicle at two federal officers. At trial, she argued that the district court abused its discretion in not instructing on a lesser included offense because "if the jury had been instructed on simple assault, it could have found that she was guilty of assault but not of using her vehicle as a deadly or dangerous weapon." Id. On appeal, the Ninth Circuit held that where the vehicle was the only instrumentality of the assault, there was no assault at all absent a finding that she used it as a deadly weapon. 468 Fed. Appx. at 745. The court expressly endorsed the district court's reasoning that "if she didn't use her car as a deadly weapon, there is no crime." *Id.*

The same is true here. If Mr. Caravello threw the canister but it was not directed at the agents and would have caused no apprehension in a *reasonable* person, there is no assault at all — not even a misdemeanor. If it *could* have caused reasonable apprehension in agents who saw a chemical device hurled in their direction, the jury has necessarily found facts establishing

6

dangerous weapon use. The act and the weapon element are inseparable, and a lesser included offense should not be given.

### III.    The Defense's unlawful deployment theory is a defense to all charges, not a pathway to the lesser.

The defense argues that agents violated their own use of force policy by deploying the canister first, and that Mr. Caravello merely redirected it. But this argument operates as a complete defense — necessity, self-defense, or justification — not as a partial mitigation that lands Mr. Caravello in misdemeanor territory.

Federal courts are clear: if the only evidence supporting a lesser instruction is the same evidence that, if believed, would compel full acquittal, the lesser instruction is not warranted. *Rivera-Alonzo*, 584 F.3d at 835. The unlawful deployment argument does exactly that. Either:

- The agents unlawfully deployed the canister, the defendant's response was justified, and he is not guilty of anything; or

- The agents lawfully deployed the tear gas, or Mr. Caravello's response exceeded any justification, and Mr. Caravello intended to strike the agents, and the felony is established.

There is no version of the facts in which the jury finds the agents acted unlawfully *and* finds Mr. Caravello guilty of even simple assault. Justified conduct is not criminal. A lesser included instruction premised on a theory that simultaneously exculpates is not rationally supportable.

### IV.    The absence of contact or injury does not save the instruction.

The canister never struck anyone. But no contact is required for the § 111(b) felony. The statute reaches assault *with* a dangerous weapon regardless of whether injury results — indeed, § 111(b) expressly covers "a weapon intended to cause death or danger but that fails to do so by reason of a defective component." The failure to make contact is irrelevant to the weapon

element.

Ninth Circuit Pattern Instruction 8.2, provides other elements the government needs to prove for 111(b). Among those elements, the government needs to include proof beyond a reasonable doubt that the defendant "willfully attempts to inflict injury on another." Also, the government must prove beyond a reasonable doubt that the defendant had "an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm."

The relevant question is not whether the canister connected, but whether the throw constituted use of a dangerous weapon. A rational jury finding any assault at all on these facts must first find the canister was the instrumentality — and the government argues a tear gas canister, an incendiary chemical device, is a dangerous weapon. The absence of contact therefore does not create an evidentiary gap between the misdemeanor and the felony; it simply means the § 111(b) felony was completed without the additional bodily injury enhancement.

Granting the lesser included offense instruction here, under these facts, would change the burden of proof and lessen the governments proof requirements.

### V.    Granting the instruction invites the jury to reach a verdict unsupported by the evidence.

The purpose of the lesser included instruction rule is not to give the jury a compromise option whenever Mr. Caravello offers an innocent explanation. *Schmuck v. United States*, 489 U.S. 705, 716 n.8 (1989). The instruction is warranted only when the evidence supports the lesser verdict.

Here, granting the instruction would invite the jury to split a difference the evidence does not permit. It would tell jurors they may find Mr. Caravello committed *some* assault while using a tear gas canister, but not a *felony* assault with a dangerous weapon — a distinction without an evidentiary foundation. That is exactly the kind of invitation to a compromise verdict unsupported by the record that the Ninth Circuit has consistently rejected. See, e.g. *Rivera-*

*Alonzo*, supra, 584 F.3d at 835 n.4.

**VI.    Misdemeanor assault under 18 U.S.C. § 111 requires physical contact or acting with the intent to assault**

Ninth Circuit Pattern Instruction 8.1 requires proof of a forcible assault, defined by the pattern instruction as "when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm." There is no room here for a misdemeanor conviction based on some negligent or other lesser state of mind. And, as noted above, forcible assault requires an intent to assault. *United States v Acosta-Sierra, 6*90 F.3d 1111, 1123 (9th Cir. 2012). In this case, a lesser included offense instruction would invite a conviction based without proof of the required intent to assault. This Court should not give that instruction.

**VII.    Conclusion**

The evidence in this case is binary. Either Mr. Caravello intentionally threw a chemical device at federal agents — a felony — or his act was defensive and justified or without an intent to assault — an acquittal. No rational jury could find him guilty of simple assault under the facts of this case without simultaneously finding he used a dangerous weapon, which is the element that converts the lesser to the greater. The lesser included offense instruction should be denied.

Dated: April 1, 2026                              Respectfully submitted,


                                                  /s/ Knut S. Johnson
                                                  Knut S. Johnson
                                                  John M. Paul
                                                  Attorneys for Defendant

9