TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
ROGER A. HSIEH (Cal. Bar No. 294195)
Assistant United States Attorney
Chief, Major Frauds Section
CHRIS S. BULUT (Cal. Bar No. 352016)
Assistant United States Attorney
General Crimes Section
      1100/1200 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-0600/6738
      Facsimile: (213) 894-0141
      E-mail:    roger.hsieh@usdoj.gov
                 chris.bulut@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-00686-CV |
|---|---|
| Plaintiff, | GOVERNMENT'S POSITION REGARDING VERDICT FORM ON LESSER-INCLDUED OFFESNE OF MISDEMEANOR ASSAULT |
| v. | |
| JONATHAN CARAVELLO, | Trial Date:   April 7, 2026 |
| Defendant. | Trial Time:   8:30 a.m.
Location:    Courtroom of the Hon. Cynthia Valenzuela |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Roger A. Hsieh and Chris S. Bulut, hereby files its position paper regarding the verdict form including a lesser-included offense of misdemeanor assault.

This paper is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: April 2, 2026                    Respectfully submitted,

                                        TODD BLANCHE
                                        Deputy Attorney General

                                        BILAL A. ESSAYLI
                                        First Assistant United States
                                        Attorney

                                        ALEXANDER B. SCHWAB
                                        Assistant United States Attorney
                                        Acting Chief, Criminal Division


                                              /s/
                                        ROGER A. HSIEH
                                        CHRIS S. BULUT
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Defendant JONATHAN CARAVELLO ("defendant") is charged with assault on a federal officer with a deadly or dangerous weapon under 18 U.S.C. §§ 111(a)(1), (b) for running towards a deployed tear gas canister, picking up the tear gas canister, and then throwing it overhand at or towards law enforcement behind yellow tape.  The parties agree that simple assault is a lesser-included offense and also agree in their Joint Proposed Jury Instructions on the elements of the charged offense: defendant (1) forcibly assaulted federal law enforcement; (2) did so while federal law enforcement was engaged in, or on account of, their official duties; and (3) used the tear gas canister in a way that is capable of causing death or serious bodily injury.  (Dkt. 43 at 42, 45.)

Because a rational jury could find that defendant committed assault by "willfully attempting to inflict injury on another"[1] and at the same time fail to unanimously find beyond a reasonable doubt that defendant used the tear gas canister in a way capable of causing death or serious bodily injury, the Court should provide the lesser-included offense jury instruction and verdict form.

Defendant provides a false dichotomy premised on his purported self-defense theory.  These arguments fail.  In addition, the cases defendant cites are inapposite and would not preclude a lesser-included instruction in this case.

---

[1] Or by "intentionally threaten[ing] another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm."  Joint Proposed Jury Instruction No. 27 (Dkt. 43 at 43, "Forcible Assault Defined").  The government does not contend that "when one person intentionally strikes another" is applicable at this time.

First, defendant cannot meet his burden under Self-Defense Instruction 5.10 showing that the conduct of an agent rolling a tear gas canister towards protestors, after one refused to move out of the way of a vehicle, was the immediate use of unlawful force.

Second, even assuming, arguendo, that defendant could make a prima-facie case of self-defense when he himself sought out the tear gas canister at issue by running towards it, a jury could still fail to unanimously find beyond a reasonable doubt that defendant used the tear gas canister in a way capable of causing death or serious bodily injury.  For these reasons, the Court should provide both Lesser Included Offense Instruction 6.14 and the Joint Proposed Verdict Form proposed by the parties (Dkt. 42), or at a minimum, wait until the close of evidence to make its ruling.

**II.   ARGUMENT**

A lesser-included offense verdict form is appropriate if a two-part test is satisfied: "1) the elements of the lesser offense are a subset of the elements of the charged offense"; and "2) the evidence would permit a jury rationally to find the defendant guilty of the lesser offense and acquit [him] of the greater."  United States v. Arnt, 474 F.3d 1159, 1163 (9th Cir. 2007) (cleaned up).

Here, there is no doubt that the first part of the test is satisfied, as the elements of 18 U.S.C. § 111(a)(1) are a subset of the elements of 18 U.S.C. §§ 111(a)(1), (b).  (Compare, 9th Cir. Instruction 8.1 (Assault on a Federal Officer), with 9th Cir. Instruction 8.2 (Assault on a Federal Officer with a Deadly or Dangerous Weapon)); see also United States v. Rivera-Alonzo, 584 F.3d 829, 833 (9th Cir. 2009) ("We agree that simple assault is a lesser-

included offense of felony assault on a federal officer under 18 U.S.C. § 111.").

As to the second element, as discussed above, a jury could rationally find that defendant willfully attempted to inflict injury on the agents, while also failing to unanimously find beyond a reasonable doubt that the manner in which defendant threw it did not render it a deadly or dangerous weapon.  In other words, a rational jury could find that the tear gas canister was used as an instrument to willfully attempt to inflict injury but that it was not used in a way that is cable of causing death or serious bodily injury.

Defendant argues that the binary nature of the facts forecloses a rational middle ground that would allow a lesser-included offense instruction.  (Dkt. 65 at 5.)

Defendant cites to Rivera-Alonzo, where the Court held that the district court did not abuse its discretion in refusing to give the defendant's requested lesser-included offense instruction.  584 F.3d at 831.  However, in that case, "there was undisputed evidence of physical contact" during the defendant's altercation with the federal agent, which involved the defendant struggling for control of the agent's gun.  Id. at 831, 835.  "Physical contact [was] the element that convert[ed] the lesser misdemeanor to the greater 8-year felony assault involving physical contact with the victim."  Id. at 835.  Thus, the defendant in Rivera-Alonzo was charged with felony assault under 18 U.S.C. § 111(a)(1), which requires "physical contact with the victim."

Here, the government does not allege a felony violation due to physical contact under 18 U.S.C. § 111(a)(1).  Rather, the government alleges a felony violation due to defendant's use of a tear gas

canister as a deadly or dangerous weapon under 18 U.S.C. § 111(b). Because defendant is charged under §§ 111(a)(1), (b) and there does not appear to be undisputed evidence that the tear gas canister was capable of causing death or seriously bodily injury, a lesser-included instruction is appropriate.

Next defendant argues that an assault is not separable from the weapons offense here. (Dkt. 65 at 6.) Defendant cites to United States v. Gividen, where the court held that the district court did not abuse its discretion in refusing to give a defense requested lesser-included offense instruction. 468 F.App'x 744, 746 (9th Cir. 2012). In Gividen, the defendant tried to run over a border patrol agent with her truck. Id. at 745. Evidence at trial demonstrated that defendant was not going to stop her truck, an agent had to jump out of the way, and other agents were forced to take cover out of fear of being hit or killed when the defendant drove her truck down a narrow road directly toward them. Id. at 746.

With those specific facts established at trial, the district court did not abuse its discretion in refusing to give the defense requested instruction. However, a truck used in an assault in the manner establish at trial in Gividen is much different than a tear gas canister. A truck accelerating down a narrow road directly at agents such that they need to jump out of the way for fear of death was established at trial, and with those facts, the truck could not be used to commit an assault unless it was used as a deadly or dangerous weapon.

A tear gas canister, however, can be used, for purposes of an assault, as both a deadly or dangerous weapon, as well as another instrument that can cause an assault that is not necessarily deadly

4

or dangerous.  As a result, a rationale jury can find beyond a reasonable doubt that defendant attempted to assault agents, while also finding that the tear gas canister, in the manner defendant threw it, was not used as a deadly or dangerous weapon.

Defendant's arguments that there is no middle ground is simply not supported by the case law or evidence in this case.  (Dkt. 65 at 6-7.)  A rationale jury could find that defendant attempted to assault agents but that the tear gas canister was not used in a manner capable of causing death or serious bodily injury.  To give defendant's arguments credit, he must first concede that the manner in which defendant threw the tear canister made it a deadly or dangerous weapon.  That is a question for the jury, and a rationale jury may not unanimously conclude that the tear gas canister was used as a deadly or dangerous weapon.

Thus, the Court should use the verdict form that has the lesser-included offense of misdemeanor assault and provide the related jury instruction.  At a minimum, as the case law and defendant's arguments show, this question should be decided after the close of evidence.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court allow a verdict form containing the lesser-included instruction for misdemeanor assault and provide the Lesser Included Offense Instruction 6.14.  In the alternative, the Court should defer ruling on this issue until after the close of evidence.